MAGISTRATE JUDGE SCHENKIER

JUDGE THARP

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
RECEIVED
1-10-13
JAN 10 2013

MICHAEL T. MASON
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 658 |
| v. | ) | |
| | ) | Violations: Title 18, United States Code, |
| DAVID TRESCH and | ) | Sections 1341 and 1346 |
| NICHOLAS DEMARS | ) | |

## COUNT ONE

The SPECIAL SEPTEMBER 2012 GRAND JURY charges:

1. At times material to this indictment:

   a. The Victim Firm was a global law firm headquartered in Chicago, Illinois.

   b. Defendant DAVID TRESCH was an employee in the Victim Firm's information technology department, and had primary responsibility for overseeing the work performed by, and billing related to, certain contract employees in that department. In or around November 2004, TRESCH recommended that the Victim Firm utilize contract employees from NS Mater to perform work in the information technology department. The Victim Firm agreed to do so, and TRESCH supervised work and billing related to the NS Mater contract employees. As an employee of the Victim Firm, TRESCH had a fiduciary duty to provide honest services to the Victim Firm.

   c. Defendant NICHOLAS DEMARS was the President of NS Mater, a firm that provided personnel and technology to businesses to assist in office automation, web and database development, and general information technology. DEMARS provided NS Mater contract employees to perform work in the information technology department at the Victim Firm.

2. Beginning no later than in or around November 2004 and continuing until in or around March 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID TRESCH and
NICHOLAS DEMARS,

defendants herein, knowingly devised, intended to devise, and participated in a scheme to defraud and deprive the Victim Firm of the intangible right to the honest services of its employee defendant DAVID TRESCH through kickbacks, which scheme is further described below.

3. It was part of the scheme that, in exchange for TRESCH's agreement to direct the Victim Firm's business to DEMARS and NS Mater, DEMARS agreed to kick back to TRESCH a portion of the profits NS Mater earned from work its contract employees performed at the Victim Firm. TRESCH caused the Victim Firm to use NS Mater workers, and DEMARS kicked back over $1,000,000 to TRESCH. TRESCH concealed from the Victim Firm the material fact that he was accepting kickbacks in exchange for steering work to NS Mater.

4. It was further part of the scheme that, between November 2004 and December 2005, DEMARS submitted to TRESCH invoices totaling more than $240,000 for work NS Mater contract employees performed at the Victim Firm. TRESCH submitted the invoices to the Victim Firm for payment. The Victim Firm paid the invoices at TRESCH's request, and mailed checks totaling more than $240,000 to NS Mater. DEMARS deposited the checks into NS Mater's bank account, and obtained more than $100,000 in profits after paying legitimate NS Mater contract employees and payroll administrators for work they had performed for the Victim Firm.

5. It was further part of the scheme that, out of these profits, DEMARS paid TRESCH more than $40,000 in kickbacks. In exchange, TRESCH continued to direct the Victim Firm's business to DEMARS and NS Mater.

6. It was further part of the scheme that, beginning in or around April 2006, in an effort to conceal the kickback payments from the Victim Firm, DEMARS paid the kickbacks to TRESCH by issuing checks to TRESCH's wife, Individual A, and by treating Individual A as an employee of NS Mater, even though DEMARS and TRESCH knew that Individual A was not an actual employee of NS Mater and performed no work for NS Mater.

7. It was further part of the scheme that, between approximately February 2006 and March 2011, DEMARS submitted invoices to TRESCH totaling more than approximately $7,400,000 for work NS Mater contract employees performed at the Victim Firm. TRESCH submitted the invoices to the Victim Firm for payment. The Victim Firm paid the invoices at TRESCH's request, and mailed checks totaling more than $7,400,000 to NS Mater. DEMARS deposited the checks into NS Mater's bank account and obtained nearly $3,600,000 in profits after paying legitimate NS Mater contract employees and payroll administrators for work they had performed for the Victim Firm.

8. It was further part of the scheme that, out of these profits, DEMARS paid TRESCH more than approximately $1,100,000 in kickbacks via checks to Individual A. In exchange, TRESCH continued to direct the Victim Firm's business to DEMARS and NS Mater.

9. It was further part of the scheme that TRESCH and DEMARS did conceal and hide, and cause to be concealed and hidden, the acts done and the purpose of the acts done in furtherance of the scheme.

10. As a result of the scheme, DEMARS obtained approximately $3,700,000 in profits generated through the payment of kickbacks. TRESCH obtained approximately $1,140,000 in kickbacks from DEMARS.

11. On or about March 7, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID TRESCH and
NICHOLAS DEMARS,

defendants herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by mail according to the direction thereon to NS Mater, PO Box 464, Itasca, IL, 60143, a check dated March 4, 2008, in the amount of $46,698.24 for work that NS Mater contract employees performed at the Victim Firm;

In violation of Title 18, United States Code, Sections 1341 and 1346.

## COUNT TWO

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about November 18, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID TRESCH and
NICHOLAS DEMARS,

defendants herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by mail according to the direction thereon to NS Mater, PO Box 464, Itasca, IL, 60143, a check dated November 14, 2008, in the amount of $117,625 for work that NS Mater contract employees performed at the Victim Firm;

In violation of Title 18, United States Code, Sections 1341 and 1346.

## **COUNT THREE**

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about April 14, 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID TRESCH and
NICHOLAS DEMARS,

defendants herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by mail according to the direction thereon to NS Mater, PO Box 464, Itasca, IL, 60143, a check dated April 14, 2009, in the amount of $105,772.50 for work that NS Mater contract employees performed at the Victim Firm;

In violation of Title 18, United States Code, Sections 1341 and 1346.

## COUNT FOUR

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about December 21, 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID TRESCH and<br>
NICHOLAS DEMARS,

defendants herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by mail according to the direction thereon to NS Mater, PO Box 464, Itasca, IL, 60143, a check dated December 17, 2009, in the amount of $117,695 for work that NS Mater contract employees performed at the Victim Firm;

In violation of Title 18, United States Code, Sections 1341 and 1346.

## **COUNT FIVE**

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about June 8, 2010, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID TRESCH and
NICHOLAS DEMARS,

defendants herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by mail according to the direction thereon to NS Mater, PO Box 464, Itasca, IL, 60143, a check dated May 21, 2010, in the amount of $124,921.25 for work that NS Mater contract employees performed at the Victim Firm;

In violation of Title 18, United States Code, Sections 1341 and 1346.

## COUNT SIX

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are incorporated here.

2. At times material to this indictment:

   a. On or about February 28, 2011, the Victim Firm directed TRESCH and others that NS Mater contract employees were no longer permitted to perform work at the Victim Firm.

   b. In or around March 2011, NS Mater contract employees no longer performed any work at the Victim Firm.

3. Beginning no later than in or around November 2010 and continuing until on or about June 28, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID TRESCH and<br>NICHOLAS DEMARS,

defendants herein, knowingly devised, intended to devise, and participated in a scheme to defraud and deprive the Victim Firm of the intangible right to the honest services of defendant DAVID TRESCH through kickbacks, and to defraud and obtain money from the Victim Firm by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts, which scheme is further described below.

4. It was part of the scheme that, by approximately late 2010, TRESCH learned that the Victim Firm would soon stop using NS Mater contract employees in the information technology department. As a result, TRESCH and DEMARS agreed to create and submit false invoices to the Victim Firm claiming NS Mater was owed money for work performed at the Victim Firm when, in fact, both TRESCH and DEMARS knew that no such work was performed by NS Mater at the Victim Firm. TRESCH agreed to submit the false invoices to the Victim Firm for payment. DEMARS agreed to kick back to TRESCH the majority of the money he received from the Victim Firm as payment for each of the false invoices. TRESCH concealed from the Victim Firm the material fact that he accepted kickbacks from DEMARS on the false invoices.

5. It was further part of the scheme that, between in or around November 2010 and in or around June 2012, DEMARS submitted to TRESCH invoices totaling more than approximately $1,100,000, falsely representing that NS Mater performed work at the Victim Firm that both defendants knew NS Mater had not performed. TRESCH submitted the invoices to the Victim Firm for payment, knowing that they were false. The Victim Firm paid all but one of the invoices at TRESCH's request, and mailed checks totaling more than approximately $1,100,000 to NS Mater. DEMARS deposited the checks into NS Mater's bank account.

6. It was further part of the scheme that DEMARS kicked back to TRESCH more than approximately $970,000 via checks to TRESCH.

7. It was further part of the scheme that defendants TRESCH and DEMARS did conceal and hide, and cause to be concealed and hidden, the acts done and the purpose of the acts done in furtherance of the scheme.

8. As a result of the scheme, DEMARS obtained approximately $1,100,000, of which he retained approximately $130,000, and TRESCH obtained approximately $970,000, to which neither defendant was entitled.

9. On or about May 12, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID TRESCH and<br>NICHOLAS DEMARS,

defendants herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by mail according to the direction thereon to NS Mater, PO Box 464, Itasca, IL, 60143, a check dated May 2, 2011, in the amount of $48,000 for work that defendants falsely represented was performed at the Victim Firm;

In violation of Title 18, United States Code, Sections 1341 and 1346.

## COUNT SEVEN

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 8 of Count Six of this indictment are incorporated here.

2. On or about February 28, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID TRESCH and
NICHOLAS DEMARS,

defendants herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by mail according to the direction thereon to NS Mater, PO Box 464, Itasca, IL, 60143, a check dated February 8, 2012, in the amount of $52,050 for work that defendants falsely represented was performed at the Victim Firm;

In violation of Title 18, United States Code, Sections 1341 and 1346.

## COUNT EIGHT

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 8 of Count Six of this indictment are incorporated here.

2. On or about April 11, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID TRESCH and<br>NICHOLAS DEMARS,

defendants herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by mail according to the direction thereon to NS Mater, PO Box 464, Itasca, IL, 60143, a check dated March 21, 2012, in the amount of $56,400 for work that defendants falsely represented was performed at the Victim Firm;

In violation of Title 18, United States Code, Sections 1341 and 1346.

## COUNT NINE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 8 of Count Six of this indictment are incorporated here.

2. On or about April 17, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID TRESCH and
NICHOLAS DEMARS,

defendants herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by mail according to the direction thereon to NS Mater, PO Box 464, Itasca, IL, 60143, a check dated April 12, 2012, in the amount of $54,150 for work that defendants falsely represented was performed at the Victim Firm;

In violation of Title 18, United States Code, Sections 1341 and 1346.

## COUNT TEN

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 8 of Count Six of this indictment are incorporated here.

2. On or about May 10, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

> DAVID TRESCH and
> NICHOLAS DEMARS,

defendants herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by mail according to the direction thereon to NS Mater, PO Box 464, Itasca, IL, 60143, a check dated May 9, 2012, in the amount of $56,250 for work that defendants falsely represented was performed at the Victim Firm;

In violation of Title 18, United States Code, Sections 1341 and 1346.

## FORFEITURE ALLEGATION

The SPECIAL SEPTEMBER 2012 GRAND JURY further alleges:

1. The allegations of Counts One through Ten are incorporated here for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of their violations of Title 18, United States Code, Sections 1341 and 1346, as alleged in the foregoing Indictment,

> DAVID TRESCH and
> NICHOLAS DEMARS,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): any property, real or personal, which constitutes or is derived from proceeds traceable to the violations.

3. The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), include, but are not limited to, funds in the amount of $4,819,253.69 and the following property:

    a. 2011 Coleman Niagra RV Camping Trailer VIN: 4CG633H10B7227300;

    b. 2009 Chevrolet K1500 Suburban LT VIN: 1GNFK26359J121770;

    c. 2011 Cadillac DTS Premium VIN: 1G6KH5E66BU128432;

    d. 2012 Chevrolet Extended Express G3500 Passenger VIN: 1GAZG1FG7C1103369;

    e. $203,623.49 seized from Discover online account ending in x4693;

  f.  $26,547.79 seized from Itasca Bank account ending in x3702;

  g.  the real property commonly known as 801 East North Street, Itasca, Illinois,

and legally described as:

> ALL THAT CERTAIN PARCEL OF LAND SITUATED IN CITY OF ITASCA, DUPAGE COUNTY, STATE OF ILLINOIS, BEING KNOWN AND DESIGNATED AS LOT 10 AND LOT 11 (EXCEPT THE EAST 50 FEET OF SAID LOT 11) IN CLOVERS COUNTRY CLUB ADDITION TO ITASCA, BEING A SUBDIVISION OF PART OF THE NORTHEAST QUARTER OF SECTION 8, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED FEBRUARY 6, 1925, AS DOCUMENT 188141, IN DUPAGE COUNTY, ILLINOIS.
>
> PIN: 03-08-201-018;

  h.  the real property commonly known as 1367 Preswick Lane, Itasca, Illinois,

and legally described as:

> LOT 23 IN THE MEDINAH WOODS CLUB AMENDED SUBDIVISION, BEING A PART OF THE SOUTHEAST QUARTER OF SECTION 12, TOWNSHIP 40 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED FEBRUARY 6, 1991, AS DOCUMENT R91-013414 AND CERTIFICATE OF CORRECTION RECORDED APRIL 18, 1991 AS DOCUMENT R91-043510, IN DUPAGE COUNTY, ILLINOIS.
>
> PIN: 02-12-405-120;

i.  the real property commonly known as 211 East Ohio Street, Unit 2704, Chicago, Illinois, and legally described as:

> PARCEL 1: UNIT 2704 TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS IN GRAND OHIO CONDOMINIUM, AS DELINEATED AND DEFINED IN THE DECLARATION RECORDED AS DOCUMENT NUMBER 99613754, IN THE NORTH FRACTION OF SECTION 10, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
>
> PARCEL 2: EASEMENTS FOR THE BENEFIT OF PARCEL 1 FOR INGRESS, EGRESS, USE, SUPPORT AND ENJOYMENT AS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS, AND RECIPROCAL EASEMENTS RECORDED AS DOCUMENT NUMBER 99613753.
>
> PIN: 17-10-209-025-1507

4. If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred to, sold to, or deposited with a third person;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value;

   e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property belonging to the defendants under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), including but not limited to the real property commonly known as 3504 Lausanne Court, Lake Geneva, Wisconsin, and legally described as:

> TOWNHOUSE UNIT NO. 35-04 INTERLAKEN CONDO AS RECORDED IN VOLUME 193 RECORDS PAGE 358 WALWORTH COUNTY RECORDER

Parcel No. JCO 03504

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY