NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604



CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Submitted December 22, 2015\*
Decided December 22, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 15-1993

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12-cr-00658 |
| DAVID TRESCH, *Defendant-Appellant*. | Edmond E. Chang, *Judge*. |

### O R D E R

After David Tresch was arrested for mail fraud, *see* 18 U.S.C. § 1341, he posted $45,000 as security on a $100,000 appearance bond. He later pleaded guilty and was sentenced to 27 months' imprisonment. He also was ordered to pay $1.1 million in restitution and a $100 special assessment. The district court then applied the $45,000 to Tresch's monetary obligations, *see* 28 U.S.C. § 2044, and denied his motion to exonerate the bond, *see* FED. R. CRIM. P. 46(g). Tresch appeals this decision, which we affirm.

---

\* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Section 2044 of Title 28 provides that, on the government's motion, the district court shall order that "any money belonging to and deposited on behalf of the defendant with the court for the purposes of a criminal appearance bail bond" be paid to the government and "applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant." In this court Tresch principally argues that he was denied due process because he was not told when he posted the $45,000 that it might not be returned. If he had known this, Tresch says, he "could have" decided not to post the money and remained in jail.

Ordinarily, a statute is presumed to supply all the notice required by the Due Process Clause. *See Atkins v. Parker*, 427 U.S. 115, 130–31 (1985); *Gates v. City of Chicago*, 623 F.3d 389, 398 (7th Cir. 2010). And if that presumption does not resolve Tresch's contention, we note that saying he "could have" stayed in jail is not the same as saying he "would have" declined to post the security for his bond. Thus, Tresch does not even allege that he was prejudiced by the claimed lack of notice, since he does not assert that he would have elected to stay in jail had he known that a conviction could result in the money being kept to pay restitution. *See, e.g., United States v. Baptist*, 759 F.3d 690, 697 (7th Cir. 2014) (explaining that litigant asserting violation of due process cannot prevail without establishing prejudice); *Mema v. Gonzales*, 474 F.3d 412, 421 (7th Cir. 2007) (same). At all events, Tresch forfeited this argument by not raising it in the district court. *See Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008).

Tresch next contends that applying the $45,000 to the financial penalties for his fraud convictions violated the Eighth Amendment's proscription against excessive bail. This contention lacks merit; a post-conviction disbursement of bond money to the crime victims or government as judgment creditors does not violate the Eighth Amendment. *See United States v. Higgins*, 987 F.2d 543, 547 (8th Cir. 1993).

Finally, Tresch insists that his ex-wife is entitled to receive a share of the $45,000, especially given her limited income. But Tresch concedes that the money was marital property when he posted the bond and when he moved for exoneration, 750 ILCS 5/503(b)(1), meaning that Ms. Tresch had no vested interest in the money, *id*. 5/503(e). *See In re Marriage of Mathis*, 986 N.E.2d 1139, 1147 (Ill. 2012) (explaining that property acquired by either spouse before dissolution of marriage is presumed to be marital property); *In re Marriage of Hubbard*, 574 N.E.2d 860, 862 (Ill. 1991) ("Property rights created by a judgment of dissolution become vested when the judgment is final . . . ."); *cf. United States v. Equere*, 916 F. Supp. 450, 453 (E.D. Pa. 1996) (explaining that § 2044 would not permit government to retain security posted by third party). Illinois law

allows one spouse to dispose of marital property, even to the detriment of the other spouse's future interest. *See Davis v. Combes*, 294 F.3d 931, 937 (7th Cir. 2002). Moreover, the language of § 2044 suggests that, after sentencing, the district court had no discretion to release money for Ms. Tresch's benefit on ground of hardship, and the district judge did not find hardship in any event. *See* 18 U.S.C. § 2044 ("The court shall not release any money deposited for bond purposes after a plea or verdict of the defendant's guilt has been entered and before sentencing except upon a showing . . . that the defendant would suffer an undue hardship.").

We have considered Tresch's motion to appoint counsel, and the motion is denied.

AFFIRMED.